**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2509
_____

MUHAMMAD BILAL,
                                Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A219-053-872)
Immigration Judge:  Tamar Wilson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2025
Before:  RESTREPO, MATEY, and CHUNG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 8, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Muhammad Bilal petitions for review of a decision of the Board of Immigration Appeals (BIA). For the reasons that follow, we will deny the petition for review.

Bilal, a national of Pakistan, entered the United States in 2016 as a tourist. In September 2023, he was charged as removable for overstaying his admission period. Represented by counsel, he filed applications for asylum, withholding of removal, and relief under the Convention Against Torture. An Immigration Judge (IJ) determined that Bilal had filed incomplete applications for relief and had abandoned his applications for asylum, withholding of removal, and CAT relief. The IJ ordered him removed to Pakistan.

Bilal filed a counseled appeal to the BIA and later retained new counsel. The BIA dismissed his appeal, affirming the IJ's denial of Bilal's applications for relief as abandoned. It noted that Bilal made a reference to changed country conditions in Pakistan but had provided no explanation or submitted any new and previously unavailable evidence. The BIA also rejected Bilal's request to reopen his proceedings based on ineffective assistance of prior counsel as he had not shown that he had satisfied any of the procedural requirements of Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988). In addition, the BIA denied Bilal's motion to reopen to pursue adjustment of status based on his marriage to a citizen. It explained that even if it determined that Bilal had met the standard of Matter of Velarde, 23 I. & N. Dec. 253, 256 (BIA 2002) (addressing factors necessary to grant a motion to reopen based on an unadjudicated visa petition), it would deny reopening as an exercise of discretion based on the negative

factors found in the Government's evidence: Bilal's separate arrests for driving with a suspended license and fraudulent license plates, recklessly firing a firearm, and choking his wife and preventing her from calling the police. Bilal filed a timely pro se petition for review. We have jurisdiction pursuant to 8 U.S.C. § 1252.

In his brief, Bilal first argues that he has newly discovered evidence. We may decide a petition for review only on evidence in the administrative record. See 8 U.S.C. § 1252(b)(4)(A). Thus, we may not consider Bilal's new evidence.

Bilal also contends that the IJ and BIA should not have relied on his prior arrests because he was never charged under any statute that authorizes the imposition of immigration consequences and that the Government bore a burden of establishing his conduct by clear and convincing evidence. Bilal, however, points to no statute, regulation, or precedent that requires the Government to charge a citizen under a particular statute before considering a conviction or arrest for a discretionary determination. Cf. Doyduk v. Att'y Gen., 66 F.4th 132, 135-37 (3d Cir. 2023) (holding that an IJ may consider expunged charges for a discretionary determination and noting that such a "restriction on the IJ's discretion finds no footing in the text of the INA, precedent, state law, or the Constitution"). Bilal appears to mistakenly believe that his criminal history is the basis for his removability and must be established by clear and convincing evidence. See 8 C.F.R. § 1240.8 (providing that Government must show removability by clear and convincing evidence). Bilal, however, is removable for overstaying his admission period. See 8 U.S.C. § 1227(a)(1)(B). And it was Bilal's

3

burden to show that he was eligible for relief from removal and merited a favorable exercise of discretion. See 8 U.S.C. § 1229a(c)(4)(A).

As noted earlier, the BIA denied Bilal's motion to reopen to pursue adjustment of status. Bilal challenges the BIA's reliance on his purported admission that he married his first wife to obtain legal status despite the fact that he denied making such a statement. The BIA noted that, besides the birth certificate for their son, Bilal had not submitted evidence that he and his second wife intended to establish a life together at the time of their marriage. The BIA emphasized the importance of such evidence in light of Bilal's admission as well as the fact that Bilal had been subject to a protective order regarding his then-current wife. Thus, the BIA did not deny the motion to reopen based on Bilal's disputed admission; rather, it determined that he had not met his burden of submitting clear and convincing evidence that his marriage was bona fide. See Velarde, 23 I. & N. Dec. at 256 (requiring, inter alia, that a motion to reopen to adjust status present clear and convincing evidence that the respondent's marriage is bona fide). In any event, as noted earlier, the BIA stated that even if Bilal met the requirements for reopening, it would deny reopening and adjustment of status as a matter of discretion. And to the extent that Bilal challenges the BIA's factual findings in denying adjustment of status, we lack jurisdiction to review those findings. See 8 U.S.C. § 1252(a)(2)(B)(i); Cortez-Amador v. Att'y Gen., 66 F.4th 429, 433–34 (3d Cir. 2023) (citing Patel v. Garland, 596 U.S. 328, 331 (2022)).

4

Bilal has not shown that the BIA erred in dismissing his appeal. Accordingly, we will deny the petition for review.